UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Michelle Lyn Hogquist, | Case No. 19-cv-2473 (DWF/DTS) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| The State Of Minnesota;<br>Judge Nancy Lodger,<br>Anoka County District Courts;<br>Thomas Fitzpatrick,<br>Anoka County District Courts;<br>Judicial Officer Kristin C. Larsen;<br>Asst. Prosecutor Melissa Saterbrak,<br>County Attorney's Office;<br>Sgt. Micheal Whitaker, Anoka County –<br>City Of Anoka Police Dep't; and<br>Judge Jennifer Walker-Jasper,<br>Anoka County District Judge, | |
| Defendants. | |

---

Plaintiff Michelle Lyn Hogquist did not pay the filing fee for this matter, instead applying for *in forma pauperis* ("IFP") status. *See* ECF No. 2. That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

After review, this Court concludes that Hogquist qualifies financially for IFP status. That said, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C.

1

§ 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Hogquist alleges, or at least implies, that she was arrested on charges of domestic violence without probable cause. Hogquist further alleges that, following her release from jail, law-enforcement officials "let me at a thrift store with a small coat in my pajamas, no money & a dead phone" and that she contracted "frostbite twice that week" as a result. *See* Compl. at 4 [ECF No. 1]. Finally, Hogquist alleges that she has suffered several other consequences as a result of the arrest, including loss of housing and employment. As a result, Hogquist seeks monetary compensation, an end to the criminal prosecution against her, and other injunctive relief.

As an initial matter, Hogquist seeks relief under a variety of both state and federal statutes, but most of these statutes are *criminal* rather than *civil* in nature. *See* Compl. at 3. "[A] private citizen who is not a federal prosecutor has no authority to bring criminal

charges against anyone in a federal court." *Kerns v. Smith*, No. 8:06-CV-39, 2006 WL 2711598, at *1 (D. Neb. Sept. 21, 2006). Moreover, "'[t]he Supreme Court historically has been loath to infer a private right of action from a bare criminal statute, because criminal statutes are usually couched in terms that afford protection to the general public instead of a discrete, well-defined group.'" *Frison v. Zebro*, 339 F.3d 994, 999 (8th Cir. 2003) (quoting *Doe v. Broderick*, 225 F.3d 440, 447-48 (4th Cir. 2000)). None of the many criminal statutes listed by Hogquist in her pleading are among the few for which a private right of action has been inferred, and none explicitly provides such a private right of action. Any claims brought pursuant to these criminal statutes therefore fail as a matter of law.

Although Hogquist cites to several criminal statutes in her complaint, the central provision under which she seeks relief is 42 U.S.C.§ 1983. And § 1983, unlike the other provisions referenced by Hogquist, is a civil statute providing a private right of action. But there remain several obstacles to Hogquist recovering in this action. Most importantly, never does Hogquist explain what, exactly, any of the *specific* named defendants are alleged to have done. Allegations are couched in terms of harms having been done to Hogquist, rather than specific defendants having carried out these harms. But this is insufficient to put the named defendants on notice of the claims — and the factual bases for those claims — being raised in these proceedings.

Although the grounds on which Hogquist seeks relief are unclear, it is probable that most of the defendants named to this action are immune from suit. With respect to the State of Minnesota: Section 1983 permits recovery only against "person[s]." "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v.*

3

*Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, any claims brought by Hogquist under § 1983 against the State of Minnesota must be dismissed.

Hogquist also seeks relief from four state-court judicial officers, presumably for actions taken by those defendants pursuant to their official judicial duties during the course of the state-court prosecution (again, Hogquist does not specify why any particular defendant has been named to this action, and thus it is difficult to say why Hogquist seeks relief from any particular defendant). It is well established that judges and other judicial actors are protected by absolute immunity for their judicial actions. *See, e.g.*, *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction."); *Stump v. Sparkman*, 435 U.S. 349, 355 (1978). Any claims against the judicial actors are overwhelmingly likely to fail for that reason, even if further factual allegations regarding the actions of the judicial actors are added to the complaint. Much the same could be said regarding any claims brought against defendant Melissa Saterbrak, a state-court prosecutor. *See Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process.").

Only the claims brought against defendant Micheal Whitaker, a law-enforcement official, are not presumptively precluded by immunity doctrine. But as stressed above, Hogquist does not explain what, specifically, Whitaker *himself* is alleged to have done that violated the law. Indeed, the vast majority of the harms alleged by Whitaker appear to be consequences that befell her after her arrest and release from detention — that is,

after no longer in the custody of law-enforcement officials. To the extent that Hogquist alleges that her arrest was unlawful (and thus that law-enforcement officials are responsible for these harms), she has not plausibly alleged that the arrest was effected without probable cause or in any other manner inconsistent with law.

Accordingly, the Court recommends that this matter be dismissed without prejudice.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court RECOMMENDS THAT:

1. This matter be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The application to proceed *in forma pauperis* of plaintiff Michelle Lyn Hogquist [ECF No. 2] be DENIED.

Dated: January 8, 2020          s/David T. Schultz
                                DAVID T. SCHULTZ
                                United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).